RANDALL S. NEWMAN (SBN 190547)
Attorney at Law
99 Wall St., Suite 3727
New York, NY 10005
212.797.3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
*Liberty Troll LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY TROLL LLC,<br><br>                    Plaintiff,<br><br>          vs.<br><br>ROBERT ALAN REED and JOHN DOE<br>dba "Frauditor Roundup"<br>www.youtube.com@FrauditorRoundup,<br><br>                    Defendant. | Case No. 25-cv-06878<br><br>**COMPLAINT FOR:**<br><br>1. **Misrepresentation, 17 U.S.C. § 512(f);**<br><br>2. **Declaration of Copyright Infringement**<br><br>**JURY TRIAL DEMANDED** |

1

**COMPLAINT**

Plaintiff, Liberty Troll LLC ("Plaintiff" or "Liberty Troll"), files this action against Robert Alan Reed ("Attorney Reed") and John Doe d/b/a "Frauditor Roundup" ("Roundup") (Attorney Reed and Roundup are collectively referred to as "Defendants") who operates the Frauditor Roundup YouTube channel located www.youtube.com@FrauditorRoundup (The "Roundup Channel") and alleges as follows:

## INTRODUCTION

1.    This case addresses the growing misuse of the counter-notice process under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512 *et seq*., by "reaction" channel operators who assert an unlimited version of fair use, one so overbroad that, if accepted, it would render copyright protection on YouTube meaningless.

2.    A rising class of YouTube creators has built profitable channels on wholesale appropriation of others' copyrighted works, contributing little or nothing in the way of genuine transformation. Their videos often consist of lengthy, unaltered segments of original creators' footage, broken up by occasional remarks, sound effects, or memes, and are then monetized through YouTube's Partner Program under the mantra of "fair use."

3.    While courts have upheld some reaction videos as fair use, those rulings emphasize frequent commentary, structured critique, and a transformative purpose. In contrast, many "mockumentary-style" infringers splice original footage with token interjections meant to ridicule, not analyze, stacking multiple acts of infringement as if that alone transforms the work. If this overbroad interpretation of fair use were accepted, it would effectively nullify copyright enforcement on YouTube: any user could repost entire videos, add a few quips or visual effects, and claim immunity. Such a precedent would strip creators of meaningful control over their work, undermine YouTube's enforcement system, and incentivize large-scale monetization of stolen content.

4.    This erosion of copyright protections has been fueled, in part, by systematic abuse of the DMCA's counter-notice process. When copyright owners like Liberty Troll submit takedown notices under 17 U.S.C. § 512(c), reaction channel operators frequently

**COMPLAINT**

1  respond with boilerplate counter-notices under § 512(g), swearing under penalty of perjury
2  that their uploads are protected by fair use.

3      5.    On or about April 30, 2025, Attorney Reed, a personal injury attorney with no
4  known background in copyright law, submitted such a counter-notice to YouTube pursuant
5  to § 512(g)(3) on behalf of the Roundup Channel, seeking to have a video titled *Ep159:*
6  *Liberty Troll race-baiting at WIC office!* restored to that channel (the "Infringing Video")
7  (the "Counter-Notice"). A copy of the Counter-Notice is attached hereto as Exhibit A.

8      6.    The Counter-Notice claimed, under penalty of perjury, that "the entirety of
9  the content is de facto fair use," and that "Frauditor Roundup is the owner and creator of
10  the content uploaded," further asserting that "the clips used were provided for educational
11  purposes and for commentary and criticism." It also stated that the material was removed
12  "as a result of a mistake or misidentification."

13      7.    These conclusory statements mirror the kind of boilerplate language reaction
14  channels often deploy without conducting any individualized fair-use analysis. Rather than
15  evaluating the specific amount, substantiality, and purpose of the footage taken from
16  Liberty Troll, Reed relied on a one-size-fits-all legal script untethered from the actual
17  content at issue.

18      8.    As detailed below, the Counter-Notice is materially false and was knowingly
19  submitted to manipulate YouTube's copyright enforcement process.

20      9.    Liberty Troll brings this action under 17 U.S.C. § 512(f) to hold Defendants
21  accountable for knowingly and materially misrepresenting the legal basis of the Counter-
22  Notice and to ensure the permanent removal of the Infringing Video from the Roundup
23  Channel.

### JURISDICTION AND VENUE

24

25      10.   This action arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and
26  includes a claim for Declaratory Relief under 28 U.S.C. § 2201.

27      11.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and
28  1338(a).

**COMPLAINT**

1    12.    This Court has personal jurisdiction over Defendants because they
2  purposefully directed their conduct toward this District by submitting the Counter-Notice
3  to YouTube, a company headquartered in this District, knowing that the alleged
4  infringement dispute would be processed, reviewed, and acted upon here. Defendants knew
5  or should have known that YouTube's copyright enforcement operations occur primarily
6  in the Northern District of California, and that YouTube would rely on their sworn
7  statements in determining whether to reinstate the video at issue. By initiating the counter-
8  notice process under 17 U.S.C. § 512(g), Defendants purposefully caused effects in this
9  District sufficient to establish specific personal jurisdiction.

10    13.    Venue is proper in this District under 28 U.S.C. § 1391(b)(2) and 28 U.S.C. §
11  1400(a) because a substantial part of the events or omissions giving rise to the claim
12  occurred in this District, including YouTube's reliance on the false Counter-Notice to
13  reinstate the Infringing Video.

14  **PARTIES**

15    14.    Liberty Troll is a Florida limited liability company and the sole owner of the
16  copyrights in the videos published on the YouTube channel "Liberty Troll"
17  (@LibertyTroll) (the "Liberty Troll Channel").

18    15.    Liberty Troll is the owner, by written assignment, of the exclusive rights in
19  and to the video at issue in this case. The video was originally created and published by
20  Zachary Kueker on the Liberty Troll Channel, and Mr. Kueker submitted the DMCA
21  takedown notice to YouTube on or about April 23, 2025. Thereafter, Mr. Kueker
22  transferred to Liberty Troll all rights, title, and interest in the work, including the right to
23  enforce it against infringement.

24    16.    Attorney Reed is an attorney licensed to practice law in the State of California
25  with an office address at 16530 Ventura Blvd., Suite 312, Encino CA 91436.

26    17.    Defendant John Doe, operating under the alias "Frauditor Roundup," runs a
27  YouTube channel located at @FrauditorRoundup. Upon information and belief, Roundup
28  monetizes the Roundup Channel through YouTube's Partner Program and coordinates with

4

**COMPLAINT**

Attorney Reed to submit counter-notices designed to preserve infringing, revenue-generating content.

18.    The Roundup Channel is a textbook example of an anonymous "reaction" channel, that is, a channel that creates no original content of its own (or very little in this case), but instead lifts copyrighted footage from others, overlays superficial or token commentary, and attempts to pass it off as transformative. Roundup never appears on camera, and does not create any video footage to add to the "reaction" videos. The channel's anonymity has served as both sword and shield, permitting targeted harassment of real creators while shielding the actual operator from liability

19.    The Roundup Channel exists to monetize stolen footage from other creators under the guise of fair use and admittedly "bully" other creators.

## FACTUAL ALLEGATIONS

20.    YouTube is the largest video-sharing platform in the world and operates under the framework established by the DMCA.

21.    The DMCA provides a process by which copyright owners may request the removal of infringing content through a notice-and-takedown mechanism. If the platform receives a valid takedown notice, it typically disables access to the allegedly infringing material.

22.    The statute also gives the alleged infringer a way to respond: a counter-notification claiming the use is authorized, lawful, or otherwise non-infringing. If the copyright owner does not file a federal lawsuit within 10 business days of receiving a counter-notice, YouTube must restore access to the disputed content. 17 U.S.C. § 512(g).

23.    This framework shifts the burden onto copyright owners, often small creators or publishers, to file suit quickly or see their work reposted.

24.    Infringers exploit this imbalance, especially anonymous, monetized "reaction" channels, by filing boilerplate counter-notices designed to intimidate rights holders into dropping the matter.

**COMPLAINT**

25.    In practice, this loophole allows such channels to continue monetizing stolen content while hiding behind the mantra of "fair use," even where their videos consist largely of unaltered footage from original creators.

26.    Over time, "fair use" has become a catchall excuse on YouTube, not to support legitimate critique or commentary, but to justify wholesale misappropriation and monetization of others' work without meaningful transformation.

27.    In the context of this Complaint, the term "Auditor" refers to independent content creators who record interactions with government officials in public spaces to promote transparency, document public conduct, and assert constitutional rights, particularly those protected by the First Amendment. These creators act as citizen journalists, watchdogs, and public advocates, often filming police encounters, public meetings, and other matters of public interest, and then publishing that footage online, most prominently on YouTube.

28.    The Auditor movement has grown into a visible force on social media, drawing millions of subscribers and billions of views. Many operate under pseudonyms but have become well-known within the digital civil rights space.

29.    One such Auditor is Liberty Troll, an activist and content creator who regularly films interactions with public officials, government employees, and law enforcement officers in the course of his advocacy work. He posts these recordings to the Liberty Troll Channel, where they serve both as a record of public conduct and as a tool to promote government transparency and accountability. Liberty Troll's work is part of the broader Auditor movement and has attracted a dedicated audience interested in constitutional rights, public oversight, and civil liberties.

30.    In response to the popularity of Auditors like Liberty Troll, a genre of YouTube creators known as "Auditor Trolls" has emerged. These channels purport to critique Auditor content, but their focus is ridicule rather than substantive analysis. Cloaked in the trappings of commentary, these videos rely heavily on insult, mockery, and misrepresentation rather than meaningful critique or transformative discussion.

**COMPLAINT**

31.    The Roundup Channel is a textbook example. It provides no new message, insight, or purpose. Instead, it repackages Liberty Trolls' footage with occasional ridicule to attract viewers and generate ad revenue, while creating little original content of its own.

32.    Most Roundup videos are assembled from Auditors' footage downloaded in violation of YouTube's Terms of Service and federal law.

33.    The additions rarely address the subject matter or journalistic value of the original works. Instead, they mock Auditors personally and divert viewers from the original content.

34.    The Roundup Channel has repeatedly used Liberty Troll's copyrighted works without permission.

### *Ep159: Liberty Troll race-baiting at WIC office!*

35.    On or about April 24, 2025, Roundup posted a video titled *Ep159: Liberty Troll race-baiting at WIC office!* to the Roundup Channel (the "Infringing Video").[1]

36.    The Infringing Video contains approximately eight minutes and thirty-nine seconds of footage from Liberty Troll's fourteen minute and fifty-two second video titled *EYE ROLL KAREN Commits a Crime on Camera!! Gets Educated in Front of Boss* that was posted to the Liberty Troll Channel on April 8, 2025.[2] When the intro and outro segments of Liberty Troll's video are excluded, and accounting for the fact that Roundup "sped up" one portion but still displayed the entire segment, the copied material comprises virtually the entire substance of Liberty Troll's work.

37.    Based upon information and belief, Roundup obtained this footage from the Liberty Troll Channel in violation of YouTube's Terms of Services and in violation of federal law.

---

[1] https://www.youtube.com/watch?v=EFl9QmEQhfk

[2] https://www.youtube.com/watch?v=Luc-G3354E0

**COMPLAINT**

38.     The Infringing Video contains four uninterrupted segments of Liberty Troll's footage exceeding one minute in length, with absolutely no commentary or transformation. These segments run for 1:02, 1:14, 2:08 and 2:36.

39.     The minimal commentary that does exist in the Infringing Video consists of fart noises, narration, insults, and superficial asides, offering no substantive critique or analysis. Out of the eight minutes and thirty-nine seconds of Liberty Troll's footage used, the overwhelming majority is presented without meaningful transformation, serving primarily as unaltered entertainment for Roundup's audience.

40.     Although the Infringing Video's title suggests it is about a single "race-baiting" encounter, only a very brief portion of Liberty Troll's footage actually depicts that interaction. Roundup could have conveyed the same purported point by using that brief excerpt, yet instead appropriated eight minutes and thirty-nine seconds of Liberty Troll's work, the vast majority unrelated to the stated theme, for use as filler in the Infringing Video.

41.     On or about June 30, 2025, in a publicly viewable post on YouTube, Roundup stated, in a response to a comment "noooo, I'm pretty sure it's from the dude who thinks he's found a way to end internet bullying." This admission shows that Roundup's purpose was not to provide transformative commentary or education, but to target and ridicule a particular individual. Such intent is consistent with the "mockumentary-style" harassment described above and weighs heavily against a finding of fair use.

42.     This wholesale re-use is far outside the bounds of what courts have found permissible in "reaction" or "commentary" videos. Roundup's channel operates under the mistaken belief, shared by many "reaction" channels, that any amount of commentary somewhere in a video transforms *all* of the copied footage, regardless of length or placement. This lawsuit seeks to correct that misinterpretation and reaffirm that fair use has limits.

**COMPLAINT**

### *The Takedown and FALSE Counter-Notice*

43.    On or about April 23, 2025, Zachary Kueker, the original creator of the video at issue, submitted a DMCA takedown notice to YouTube pursuant to 17 U.S.C. § 512(c), identifying the Infringing Video. Following the takedown, Mr. Kueker executed a written assignment transferring all rights, title, and interest in the video, including the exclusive right to enforce the copyright, to Liberty Troll.

44.    YouTube complied and removed the Infringing Video.

45.    On or about April 30, 2025, Attorney Reed, a personal injury attorney with no known background in copyright law, submitted the Counter-Notice to YouTube pursuant to 17 U.S.C. § 512(g)(3) on behalf of the operator of the Roundup Channel. In that Counter-Notice, Attorney Reed claimed the Infringing Video fell under "de facto fair use," a phrase that appears nowhere in Title 17 or in any recognized fair use jurisprudence.

46.    The Counter-Notice also asserted that "Frauditor Roundup is the owner and creator of the content uploaded," and that "the clips used were provided for educational purposes and for commentary and criticism." The Counter-Notice provided no individualized analysis of the statutory fair-use factors and did not address the amount or substantiality of Liberty Troll's footage used, the purpose and character of the use, or its market effect.

47.    By signing under penalty of perjury, Attorney Reed personally adopted these statements, despite their lack of factual foundation and the absence of any legitimate legal doctrine called "de facto fair use." His reckless disregard for the truth, coupled with his certification of a fabricated legal standard, constitutes a knowing and material misrepresentation under § 512(f).

48.    The Counter-Notice was part of a coordinated scheme to preserve monetized infringing content. Defendants submitted the false Counter-Notice under penalty of perjury as required by 17 U.S.C. § 512(g).

9

**COMPLAINT**

49.     Liberty Troll now seeks damages, attorneys' fees, declaratory and injunctive relief for Defendants' material misrepresentations in the Counter-Notice submitted to YouTube.

### FIRST CAUSE OF ACTION

**Misrepresentation in Counter-Notifications under the DMCA**
**(17 U.S.C. § 512(f))**

50.     Liberty Troll incorporates by reference the allegations set forth in Paragraphs 1 through 49.

51.     Section 512(f)(2) of the Copyright Act provides, in relevant part, that "***any person*** who knowingly materially misrepresents under this section . . . that material was removed or disabled by mistake or misidentification, shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer, by any copyright owner…who is injured by such misrepresentation..." (emphasis added).

52.     Despite swearing under penalty of perjury, Defendants' Counter-Notice contained conclusory assertions and legal misstatements that were knowingly false when made.

53.     Reed's Counter-Notice to YouTube falsely represented, among other things: (a) that "the entirety of the content is de facto fair use," a fabricated legal standard found nowhere in Title 17 or in recognized fair-use jurisprudence; (b) that "Frauditor Roundup is the owner and creator of the content uploaded" despite the fact that a substantial portion of the Infringing Video consisted of Liberty Troll's footage; (c) that "the clips used were provided for educational purposes and for commentary and criticism" when multiple uninterrupted segments, totaling several minutes, contained no commentary, critique, or educational material at all; and (d) that Reed and his client had "a good faith belief that the material was removed or disabled as a result of a mistake or misidentification," despite the Infringing Video's wholesale incorporation of nearly the entirety of Liberty Troll's original work.

**COMPLAINT**

54.     These representations were materially false. Defendants used this language and unsupported legal conclusions without conducting any individualized fair-use analysis before swearing to them under penalty of perjury.

55.     Defendants made these misrepresentations knowingly, with the purpose of causing YouTube to reinstate the Infringing Video and to enable continued monetization of the "Frauditor Roundup" channel.

56.     As a direct result of Defendants' material misrepresentations, Liberty Troll was forced to initiate this action to have the Infringing Video removed from the Roundup Channel. Liberty Troll is entitled to recover damages, costs, and attorneys' fees under 17 U.S.C. § 512(f).

57.     Liberty Troll is further entitled to injunctive relief requiring YouTube or its agents to remove the Infringing Video from the Roundup Channel and to prevent its re-upload.

## SECOND CAUSE OF ACTION

### Declaration of Copyright Infringement, 28 U.S.C. § 2201

### (Against John Doe dba Frauditor Roundup)

58.     Liberty Troll incorporates by reference the allegations set forth in Paragraphs 1 through 57.

59.     Liberty Troll seeks a declaration that the Infringing Video infringes Liberty Troll's copyright in the original work, and that the Roundup Channel has no right to reproduce, distribute, publicly display, or otherwise exploit the work without Liberty Troll's authorization.

60.     An actual and justiciable controversy exists between Liberty Troll and John Doe concerning the Roundup Channel's use of the Infringing Video.

61.     Liberty Troll contends that the Roundup Channel's use of the Infringing Video is not protected under 17 U.S.C. § 107.

62.     Defendants assert that Roundup's use of the Infringing Video is protected by 17 U.S.C. § 107 as stated in the Counter-Notice.

**COMPLAINT**

63.     Liberty Troll seeks a judicial declaration under 28 U.S.C. § 2201 that the Roundup Channel's use of the Infringing Video is not protected by 17 U.S.C. § 107.

64.     Liberty Troll also seeks an injunction restraining YouTube from restoring the Infringing Video to the Roundup Channel.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Liberty Troll LLC prays for judgment against Defendants as follows:

A.     That judgment be entered in favor of Liberty Troll and against Defendants for monetary damages caused by their knowing material misrepresentations in the Counter-Notice pursuant to 17 U.S.C. § 512(f);

B.     That the Court enter a declaratory judgment that the Roundup Channel's use of the Infringing Video is not protected by 17 U.S.C. § 107;

C.     A permanent injunction enjoining the Roundup Channel and any related channel from further use of the Infringing Video;

D.     An award of attorneys' fees and costs pursuant to 17 U.S.C. § 512(f)(2);

E.     Any other relief the Court deems just and proper.

## JURY TRIAL DEMANDED

Dated:  August 14, 2025

/s/ Randall S. Newman
Randall S. Newman, Esq. (SBN 190547)
99 Wall Street, Suite 3727
New York, NY 10005
(212) 797-3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
*Liberty Troll LLC*

**COMPLAINT**

 Gmail

DMCA Lawyer <thedmcalawyer@gmail.com>

**Fwd: [ANOYKSH6BUYSL3HSLTUCZBXZXU] New Copyright Counter Notification**
1 message

**Zach** <zkueker88@gmail.com>
Reply-To: zkueker88@yahoo.com
To: thedmcalawyer@gmail.com

Sat, Jul 5, 2025 at 9:03 PM

My Best,

Zach Kueker

---------- Forwarded message ---------
From: **YouTube Copyright** <youtube-disputes+3r7b6x7mjawpy0h@google.com>
Date: Sat, May 10, 2025 at 10:10 PM
Subject: Re: [ANOYKSH6BUYSL3HSLTUCZBXZXU] New Copyright Counter Notification
To: <zkueker88@gmail.com>



We received a counter notification (below) in response to a copyright removal request that you submitted. A counter notification is a legal request for YouTube to reinstate a video that was removed due to a copyright removal request.

You have **10 US business days** to reply to this counter notification. Your response **must include evidence that you've taken legal action against the uploader** to keep the content from being reinstated to YouTube. Usually, evidence would include a lawsuit against the uploader, which names the YouTube URL(s) at issue and seeks a court order to restrain the alleged infringement.

**Evidence should be submitted by replying directly to this email.** Do not send your reply to copyright@youtube.com.

After 10 US business days, if we don't get a response from you, the content at issue may be reinstated to YouTube. You can find more information about the legal action you must take and what evidence is acceptable in our Help Center.

- The YouTube Team

Counter Notification as follows:

Videos included in counter notification:

- http://www.youtube.com/watch?v=EFl9QmEQhfk

Display name of uploader: Frauditor Roundup

---------- Forwarded message ---------
From: **Rob Reed** <robertreed@gmail.com>
Date: Fri, May 9, 2025 at 11:09 AM
Subject: Re: fyi
To: Frauditor Roundup <frauditorroundup@gmail.com>

Send this from your frauditorroundup channel email:

April 30, 2025

SENT BY FAX AND EMAIL

650-872-8513

copyright@youtube.com

DMCA Complaints

YouTube (Google LLC)

901 Cherry Ave

San Bruno, CA 94066

Dear Sir or Madam,

Please be advised that I have been retained by YouTube user/channel "Frauditor Roundup" to act as agent for service of process and to file this counter to the DMCA filed recently on the video https://www.youtube.com/watch?v=EFl9QmEQhfk.

**Full Legal Name**: Robert Reed, Esq. (agent for service of process, on behalf of "Frauditor Roundup")

**Email Address**: frauditorroundup@gmail.com (for Frauditor Roundup)

**Physical Address**: Law Office of Robert Reed, 16530 Ventura Blvd., Suite 312, Encino, CA 91436

**Telephone Number**: 818-783-7998

Identification of Specific URLS affected:

https://www.youtube.com/watch?v=EFI9QmEQhfk

YouTube user "Frauditor Roundup" agrees to the jurisdiction of the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant."

Statement to the Claimant: The removal of the videos was a mistake because the entirety of the content is de facto fair use.  Frauditor Roundup is the owner and creator of the content uploaded, and the clips used were provided for educational purposes and for commentary and criticism.

Frauditor Roundup, my client, and I swear, under penalty of perjury, that we have a good faith belief that the material was removed or disabled as a result of a mistake or misidentification of the material to be removed or disabled.

Any questions, do not hesitate to contact me at my office (818) 783-7998.

Very truly yours,



    ROBERT A REED, ESQ.

On Wed, May 7, 2025 at 6:09 PM Frauditor Roundup <frauditorroundup@gmail.com> wrote:

Nothing yet!
I miraculously have very little spam. Nothing

On Wed, May 7, 2025 at 5:59 PM Rob Reed <robertreed@gmail.com> wrote:

I had to file via fax. Check your spam for confirmation. Will send again if you didn't receive

On Wed, May 7, 2025 at 11:35 AM Frauditor Roundup <frauditorroundup@gmail.com> wrote:

Nothing yet?

On Wed, Apr 30, 2025 at 1:20 PM Rob Reed <robertreed@gmail.com> wrote:

hopefully a day unless they give us the robotic "can't find a reason for the filing" complaint which comes from bots - I'll just resubmit until an outright acceptance or refusal

On Wed, Apr 30, 2025 at 11:12 AM Frauditor Roundup <frauditorroundup@gmail.com> wrote:

Awesome. How long does it usually take?

On Wed, Apr 30, 2025 at 1:07 PM Rob Reed <robertreed@gmail.com> wrote:

awaiting review

---



Hi,

Thank you for your counter notification. This is an automated email to let you know that the review process is starting. We will keep you posted as it progresses.

The following videos were taken down by Zachary Kueker:

- http://www.youtube.com/watch?v=EFI9QmEQhfk

You will receive a follow up email in the next few days after your counter notification is reviewed, followed by updates to that email about its status. You can also check its status within your Video Manager.

Keep in mind that by submitting this counter notification, you've initiated a formal legal dispute process. As such YouTube will handle this process in accordance with the law. This process takes some time, so we kindly ask for your patience.

If your counter notification is found to be legally complete and valid by the YouTube team, we will forward it to the claimant(s) who removed your video(s) and then allow them 10 - 14 business days from that date to respond with evidence that they have taken court action against you to prevent the reinstatement of the video(s) in question.

- The YouTube Team

You received this email to provide information and updates around your YouTube channel or account.

YouTube

© 2021 Google LLC d/b/a YouTube, 901 Cherry Ave, San Bruno, CA 94066

frauditorroundup@gmail.com

Help Center • Email Options

You received this email to provide information and updates around your YouTube channel or account.

YouTube

© 2021 Google LLC d/b/a YouTube, 901 Cherry Ave, San Bruno, CA 94066

EXHIBIT A - Page 3 of 3